**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JONATHAN GREGORY** | **CASE NO. 6:24-CV-01456** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **D G LOUISIANA LLC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING AND ORDER**

Now before this Court is a MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES filed by Plaintiff Jonathan Gregory. [Doc. 36]. Defendant DG Louisiana, LLC ("DG") filed an opposition [Doc. 40] to which Gregory replied [Doc. 41].

Rule 33 of the Federal Rules of Civil Procedure governs discovery in the form of written interrogatories to parties in a civil suit, instructing that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 permits a party to seek leave of court to propound written interrogatories in excess of the general limit of 25. *Id.* A court presented with such a request may grant leave where it is "consistent with Rule 26(b)(1) and (2).

Subsection (b)(1) defines the scope of permissible discovery as

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subsection (b)(2)(C) requires the court to limit discovery where it is "unreasonably cumulative or duplicative" or could "be obtained from some other source that is more convenient, less burdensome, or less expensive." Additionally, a court must limit discovery

where it finds that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or lies beyond the scope of permissible discovery under Rule 26(b)(1).

The instant motion seeks leave to propound 25 additional interrogatories. [Doc. 36]. Gregory asserts that the necessity for these additional interrogatories arose on July 21, 2026, when his counsel inspected the Dollar General store at which the incident giving rise to this personal injury suit took place. [Doc. 36-1 at p. 1]. Specifically, counsel claims that he "observed a sophisticated surveillance system with sixteen (16) separate views of the premises…which requires further investigation as to spoliation and existence or non-existence of video security/surveillance footage[.]" The motion argues that this discovery contradicts DG's prior assertions that it possesses no video or photographs of the accident at issue in this case, warranting further written discovery. [*Id.*].

DG opposes leave to propound additional interrogatories and argues that Gregory has failed to conduct discovery which would have supplied the information now sought through additional proposed interrogatories and that the proposed interrogatories will not resolve factual issues important to this case and, finally, that this case is not complex or unique, so as to warrant relief under Rule 33. [Doc. 40]. The briefs in this matter establish that Gregory's First Set of Written Interrogatories was propounded on DG on or about October 28, 2024. [Doc. 40 at p. 1; 40-1].[1] This propounded discovery included the following:

[1] Gregory's brief suggests that he propounded this First Set of Written Interrogatories, consisting of 23 separate interrogatories, in December 2024. [Doc. 36-1 at p. 2]. Considering that DG's Answers to Plaintiff's First Set of Written Interrogatories is dated November 27, 2024, this Court finds that DG's representation that such discovery was propounded in late October 2024 to be reasonable. [Doc. 40-1 at p. 11].

> **INTERROGATORY NO. 5:**
>
> Please state whether **you** have within **your** custody or control any surveillance films, recorded oral conversations, photographs, etc., which depict the images and/or voices of Plaintiff herein.

[Doc. 40-1 at p. 3]. In response, DG provided the following answer:

> Defendant objects to this Interrogatory to the extent that it is premature as discovery is in its infancy and currently ongoing. Subject to the objection and without waiver of the same, defendant is not in possession of the requested items.

[*Id.*].

On May 14, 2025, DG filed its MOTION FOR SUMMARY JUDGMENT. [Doc. 13]. In response, on May 21, 2025, Gregory sought to continue the hearing on that motion to enable Gregory to "depose the corporate Defendant, Defendant's employee present at the time of the incident, and [conduct a] premises inspection." [Doc. 15 at p. 1]. By Order of May 22, 2025, the Court denied DG's motion, finding summary judgment premature at that point in the case, specifically citing the lack of discovery, and permitted DG to re-urge its motion after the close of discovery. [Doc. 16].

Email correspondence indicates that as of September of 2025, Gregory had not yet conducted the discovery for which he sought a continuance. Counsel for DG advised via email on September 18, 2025 that Lucinda Simon, the DG employee present at the time of the incident, and whose deposition Gregory requested, was "no longer employed by Dollar General and is leaving to go out of town for about 6 months" and proposed two near dates for her deposition. Gregory's counsel responded that they were unavailable on the proposed dates and expressed the view that "[a]s we have ten and a half months to complete discovery, Ms. Simon being out of pocket for a while is not going to cause a problem." [Doc. 40-2 at p. 1]. On June 1, 2026, counsel agreed to conduct the premises inspection and depositions of

Simon and Dwayne Boykin (DG's corporate representative) on June 21, 2025. [Doc. 40-3 at p.1].

DG claims that on June 21, 2025, Gregory's counsel conducted a premises inspection at 10:00 a.m., which lasted "approximately 25 minutes." [Doc. 40 at p. 2]. At 12:30 p.m., Gregory's counsel telephoned DG's counsel and cancelled the depositions of Simon and Boykin, which were set for 1:00 p.m. and 2:30 p.m. on the same day, stating that "because of his store inspection, he needed to conduct further discovery about the cameras and why Dollar General did not have any video." [*Id.* at p. 3]. DG's counsel claims that she assured Gregory's counsel that "both witnesses are available and able to testify regarding the surveillance footage, the placement of cameras, as well as the policies and procedures following incidents in the store[,]" but Gregory's counsel cancelled anyway. [*Id.* at p. 3].

Considering the foregoing, this Court finds that relief must be denied pursuant to Rules 26(b)(2) and 33(a)(1). DG's responses to Gregory's First Set of Interrogatories, received in late November of 2024, informed Gregory of DG's position that it does not possess video or photographs of the incident at issue, which the undersigned finds should have prompted Gregory to further discovery. [*See*, Doc. 40-1 at p. 3]. Gregory's brief inspection on July 21, 2026 seemed to affirm the alleged contradiction in DG's stated position concerning video surveillance evidence in this case and the presence of video surveillance equipment in the store at issue. Gregory's decision not to pursue the discovery for which a continuance was sought and not to take the depositions scheduled for the afternoon of July 21, 2026 was unreasonable in light of the importance Gregory now places on the issue of video surveillance evidence in this case. Plaintiff's proposed THIRD SET OF WRITTEN INTERROGATORIES seek clarification of DG's standard procedures relating to video surveillance of the store at issue, as well as specific information about the preservation or deletion of such evidence in this case. [*See*, Doc. 41-3]. These issues should have and, per DG, could have been addressed by

Simon and Boykin on July 21, 2026. For these reasons, this Court finds that Gregory failed to reasonably participate in scheduled discovery depositions which appeared likely to provide the information now sought by additional interrogatories. Accordingly, it is hereby

ORDERED that Plaintiff Jonathan Gregory's MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES [Doc. 38] is DENIED pursuant to Rules 26(b)(2)(C)(ii) and 33 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of August, 2026 at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**