**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JONATHAN GREGORY** | **CASE NO. 6:24-CV-01456** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DG LOUISIANA LLC, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

# RULING

Before the Court is Defendant DG Louisiana, LLC's Motion for Summary Judgment.[1] For the following reasons, the Court DENIES the Motion.

## I. BACKGROUND

On October 15, 2023, Plaintiff Jonathan Gregory allegedly slipped and fell in the aisle of a Dollar General store in Breaux Bridge, Louisiana.[2] Plaintiff alleges that he slipped due to the presence—attributable to the negligence of Defendant or its employees—of a hazardous substance on the floor.[3] The allegedly hazardous substance has been described by witnesses as a red or pinkish substance akin to Jell-O.[4] According to Plaintiff, this incident caused "substantial and disabling injuries . . . to his back, left arm, left wrist and left knee[,]" resulting in severe pain and functional impairment.[5] Plaintiff's negligence claims against Defendant arise under Louisiana's merchant liability statute, La. R.S. § 9:2800.6.[6]

In the instant Motion for Summary Judgment, Defendant argues that Plaintiff has failed to carry his summary judgment burden of establishing a genuine dispute of material fact as to the

[1] ECF No. 43.
[2] ECF No. 1-2 at 2.
[3] *Id.*
[4] ECF No. 45-6 at 27; ECF No. 45-4 at 17.
[5] ECF No. 1-2 at 2.
[6] ECF No. 45 at 5.

required element that Defendant either created or had actual or constructive notice of the alleged hazardous condition.[7]

## II.
## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[8] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[12] When reviewing evidence in connection with a motion for summary judgment, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe," and "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and

---

[7] ECF No. 43-1 at 9; La. R.S. 9:2800.6(A).
[8] Fed. R. Civ. P. 56(a).
[9] *Id.*
[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[11] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[12] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

unimpeached, at least to the extent that the evidence comes from disinterested witnesses."[13] "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."[14] "Credibility determinations are not part of the summary judgment analysis."[15]

## III.
## LAW AND ANALYSIS

In Louisiana, merchants—like Defendant here—owe a duty of reasonable care to keep their premises in reasonably safe condition, including making reasonable efforts to keep premises free of "any hazardous conditions which reasonably might give rise to damage."[16] A plaintiff suing a merchant for damages based on a fall caused by a condition on the premise must prove:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;]
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and]
> (3) The merchant failed to exercise reasonable care.[17]

Constructive notice is defined in the statute as meaning "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[18] The Louisiana Supreme court has made clear that the "period of time" language creates a temporal element, and that the "statute does not allow for the inference of constructive notice

---

[13] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (internal quotation marks omitted); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).
[14] *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002).
[15] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[16] La. R.S. 9:2800.6
[17] *Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017) (alterations in original) (quoting La. R.S. 9:2800.6 (B)).
[18] La. R.S. 9:2800.6.

absent some showing of this temporal element."[19] At the summary judgment stage, the plaintiff must, by a "positive showing," prove the condition existed for some period of time prior to the fall.[20] There is no requirement that the time be specified by minutes or hours, as "[w]hether the period of time is sufficiently lengthy" to give rise to constructive notice is "necessarily a fact question[.]"[21] Further, the showing does not need to be made through direct evidence; circumstantial evidence can suffice.[22] But a plaintiff cannot meet this burden by relying on "[m]ere speculation or suggestion."[23]

Turning to the summary judgment record, there are no security camera recordings that show how long the spill was present.[24] Plaintiff, however, points to deposition testimony by Lucinda Simon, the assistant manager of the Dollar General store in Breaux Bridge who cleaned up the substance on the floor after the alleged slip-and-fall, and Plaintiff's own deposition testimony.[25] In her testimony, Simon describes the substance as "sticky and dry," but not "sticky enough to where it was on the floor," and in such condition that she was able to "wipe it up."[26] For his part, Plaintiff describes the substance as "sticky and moist" and "something that was on the ground that *started to dry* but was still wet in this side," while making clear that "it hadn't completely dried, whatever it was."[27] Drawing—as the Court must—all reasonable inferences in favor of the nonmovant,[28] Plaintiff has demonstrated a triable issue on constructive notice based

---

[19] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).
[20] *Id.*; *Flowers v. Wal-Mart, Inc.*, 79 F.4th 449, 453 (5th Cir. 2023).
[21] *White*, 699 So.2d at 1084.
[22] *Flowers*, 79 F.4th at 453.
[23] *Bagley v. Alberstons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007).
[24] The parties to this action have made arguments as to whether the absence of footage raises a spoliation issue or supports the existence of a fact dispute. *See* ECF No. 45 at 15–16; ECF No. 48 at 3–4. However, because the Court finds sufficient evidence in the record to deny summary judgment, it does not address those arguments at this time.
[25] ECF No. 45 at 8–9.
[26] ECF No. 45-6 at 27.
[27] ECF No. 45-7 at 133–134 (emphasis added).
[28] *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

on this evidence. Testimony that the Jello-like substance had started to dry and was sticky and easy to clean, supports a reasonable inference that the substance had been on the floor for some period of time before Plaintiff encountered it. The fact that the evidence does not show a specific time frame does not change this result.[29]

In its reply, Defendant relies heavily on *Duncan*.[30] However, *Duncan* is distinguishable. In that case, the plaintiffs identified the presence of water under a mat as the injury-causing hazardous condition.[31] They presented no evidence as to the amount of time the water may have been there, offered no explanation for how it could have ended up there, and identified no means by which an employee could have noticed the condition.[32] The mere presence of the water did not support an inference that the water had been on the floor for some period of time.[33] In contrast, Plaintiff here has pointed to deposition testimony on the condition of the substance on which he slipped. The  sticky and partially dry condition of the substance supports a reasonable inference that it had been present for some period of time before the accident. This showing was absent in *Duncan* and creates a triable fact issue as to constructive notice.[34]

## IV.
## CONCLUSION

Plaintiff has sufficiently demonstrated the presence of a genuine dispute of material fact as to constructive notice. Accordingly, the Motion for Summary Judgment[35] is DENIED.

---

[29] *White*, 699 So.2d 1081, 1084 ("the time period need not be specific in minutes or hours").
[30] ECF No. 48 at 2–3; *Duncan*, 863 F.3d at 407–08.
[31] *Duncan*, 863 F.3d at 407–08.
[32] *Id.* at 408, 410.
[33] *Id*. at 410.
[34] Because the foregoing analysis establishes a genuine dispute of material fact as to constructive notice, the Court need not address the argument that Defendant either created or had actual notice of the hazardous condition.
[35] ECF No. 43.

THUS DONE in Chambers on this 29th day of October, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE